# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICHARD R. VERMILYEA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) | 1:17CV405 |

## MEMORANDUM ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and was served on the parties in this action on July 23, 2018. (Recommendation of the U.S. Magistrate Judge ("Recommendation") [Doc. #15]; Notice of Mailing Recommendation [Doc. #16]). Plaintiff Richard R. Vermilyea ("Vermilyea") objected to the Recommendation within the time limits prescribed by 28 U.S.C. § 636, (Obj. to the Recommended Ruling ("Vermilyea's Objs.") [Doc. #17]), to which Nancy A. Berryhill ("Commissioner") filed no response. (See generally docket.) For the reasons explained below, Plaintiff Richard R. Vermilyea's Motion for Judgment on the Pleadings [Doc. #10] is DENIED and Commissioner's Motion for Judgment on the Pleadings [Doc. #12] is GRANTED.

I.

Vermilyea has asserted two objections, arguing the Magistrate Judge erred by: (1) "not finding improper the Administrative Law Judge's [ALJ] failure to accord appropriate weight to the opinion of Mr. Vermilyea's treating therapist" and (2) "not finding improper the Appeals Council's decision not to remand the case given the new and material evidence submitted." (Vermilyea's Objs. at 2-3.) Each objection is addressed in turn.

A.

In his first objection, Vermilyea relies on Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), to support his contention that the ALJ failed to accord appropriate weight to his treating therapist by conducting a conclusory analysis that does not allow for meaningful review. (Vermilyea Objs. at 2.) In Radford, the Fourth Circuit held that

> [a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation".

734 F.3d at 295 (internal citations omitted).[1]

---

[1] Although Radford occurred in the context of an ALJ's decision regarding the applicability of a listing, the Fourth Circuit has applied this reasoning in cases considering other issues. See e.g., Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017) (citing Radford when determining the ALJ failed to explain which of the plaintiff's statements undercut her subjective evidence of pain intensity).

In this case, the ALJ's analysis does not run afoul of Radford because it does afford the reviewing court a meaningful chance for review. Here, the ALJ determined that the therapist's opinion was entitled to little weight because "the record clearly shows that once the claimant is [sic] began taking his medications as prescribed he stabilized relatively quickly." (Social Security Administration Office of Disability Adjudication and Review Decision ("ALJ Decision"), Administrative Record ("AR") at 21.) However, before the ALJ made this determination he provided an extensive summary of the evidence in the administrative record that supported his decision. (Id. at 17-20.) For example, the ALJ discussed that in April 2014, Vermilyea had been off his medications for several months, but by June 2014, he reported that "things were getting better" and by the following month, he reported he was doing "significantly better and that his medications were helping significantly with auditory hallucinations." (Id. at 19.) The summary of the evidence provided by the ALJ permits meaningful review of how the ALJ arrived at his determination, and therefore Vermilyea's objection is overruled.

B.

Vermilyea's second objection is that the Magistrate Judge erred by "not finding improper the Appeals Council's decision not to remand the case given the new and material evidence submitted." (Vermilyea's Objs. at 3.) Vermilyea argues that the three letters submitted by Dr. McEwen and Mr. Mundy should have been considered as new and material evidence because they relate to the relevant period

3

of review, and accordingly, the case should have been reversed or remanded. (Id. at 3-4.)

When the Appeals Council receives additional evidence, it must review that evidence if it is "new and material evidence relating to the period on or before the date of the ALJ decision." Parham v. Comm'r of Soc. Sec., 627 F. App'x 233, 233 (4th Cir. 2015) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95 (4th Cir. 1991) (en banc)). To determine if evidence relates to the relevant period of review, "the date of the new evidence is not dispositive of whether the Appeals Council should consider it." Norris v. Colvin, 142 F. Supp. 3d 419, 423 (D.S.C. 2015). Instead, the relevant inquiry is if the contents of the proffered evidence concern the period on or before the ALJ's decision. Id. (citing Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Thus, if the proffered evidence concerns events occurring before the decision of the ALJ, and it is new and material, it must be considered by the Appeals Council, and if it was not considered by the Appeals Council, it must be remanded to the ALJ for further consideration. Id. at 424-25; see also Parham, 627 F. App'x at 233.

The 2016 letter written by Dr. McEwen does not relate to the period of review because its contents do not concern the period before the ALJ's decision. The ALJ made his decision on August 31, 2015. (ALJ Decision, AR 22.) In his letter, Dr. McEwen writes that the letter is to "update previous correspondence dated 09/24/2015 regarding Richard Vermilyea's continued participation in treatment at Freedom House Recovery Center." (AR 755.) Given that the ALJ

4

decision was issued on August 31, 2015, and that this letter is intended as an update from a letter previously submitted one month after the ALJ decision, in September of 2015, it is clear that this letter refers to conduct that did not occur before the ALJ's decision. Therefore, it does not relate to the relevant period, and must not be considered.

The second letter from 2016 likely does not relate to the relevant period, but even if it did, it would not constitute new and material evidence. The letter, dated June 28, 2016, was written by Mr. Mundy, and while it states that he has worked with Mr. Vermilyea since 2015, it is not clear when in 2015 that relationship began. (AR 754.) If the relationship began before the ALJ's decision on August 31, 2015, the letter would relate to the relevant period. However, even assuming the letter did relate to that period, it still would not constitute new and material evidence. "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011) (internal quotations omitted) (citing Wilkins, 953 F.2d at 96). In this case, the letter is duplicative of information already in the record, such as Mr. Vermilyea's diagnoses and symptoms. (See AR 754.) Furthermore, the letter is not material because it offers no additional evidence that is likely to change the outcome of the ALJ's decision. (See id.)

The final letter is a September 24, 2015 letter written by Dr. McEwen. This letter likely does relate back to the period before the ALJ's decision, because Dr.

5

McEwen states he has known Mr. Vermilyea for over one year and discusses Mr. Vermilyea's diagnoses and symptoms. (AR 753.) However, even if the letter does relate to the relevant period, it does not constitute new and material evidence that must be considered. Like the letter from Mr. Mundy, this letter is duplicative of the information in the record, such as Mr. Vermilyea's diagnoses and symptoms. (See e.g., ALJ Decision, AR 17.) Furthermore, the letter is not material because it offers no additional evidence likely to change the outcome of the ALJ's decision, especially since the ALJ already considered Dr. McEwen's treatment notes in forming his decision. (See e.g., AR 609-11, 613-15, 617-19, 622-24).

Thus, because none of the three letters constitutes new and material evidence relating to the period of review, neither remand nor reversal is necessary, and Vermilyea's objection is overruled.

II.

With the clarifications stated in this Memorandum Order, and for the reasons stated in the Recommendation, IT IS HEREBY ORDERED that Plaintiff Richard R. Vermilyea's Motion for Judgment on the Pleadings [Doc. #10] is DENIED, Commissioner's Motion for Judgment on the Pleadings [Doc. #12] is GRANTED, and the final decision of the Commissioner is upheld.

This the 5th day of February, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge